IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant._____/ | No. C 10-02124 CRB<br><br>**ORDER DENYING MOTION TO DISMISS** |

Plaintiff Dean White seeks to overturn the Social Security Administration's ("SSA") decision not to reopen the denial of a 1990 application for benefits. This is the second time Plaintiff has come before this Court seeking to have the SSA reconsider not reopening the denial of the 1990 application. The first time Plaintiff sought relief, this Court remanded the case to the SSA, finding that Plaintiff's due process rights had been violated. On remand, the SSA again declined to reopen its original determination. Plaintiff now challenges that second determination.

Defendant has moved to dismiss under 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, Defendant's motion is DENIED.

**I.  BACKGROUND**

This Court set forth the relevant background for this case in a previous order:

> In June of 1990, Plaintiff filed an application for supplemental security income. He claimed that he was entitled to disability benefits because he suffered from "neck and back problems." The SSA denied his application for benefits and

> rejected his request for reconsideration. Plaintiff did not pursue that application for benefits in further proceedings.
> Plaintiff applied for benefits again in May of 1999, and once more in July of 2002. After a complicated series of denials, administrative appeals, and remands, these two applications were consolidated for review before an administrative law judge ("ALJ"). Following an evidentiary hearing, the ALJ ruled in August of 2004 that Plaintiff was disabled and therefore entitled to benefits. The ALJ held that Plaintiff had been disabled since October of 1997, due to a variety of severe physical and psychological impairments.
> Thereafter, Plaintiff sought to renew the earlier application he had filed back in 1990. He claimed that he failed to appeal the SSA's unfavorable ruling on that application because he suffered from "a mental impairment so severe that he was incapable of appealing his prior denials of benefits." An ALJ rejected his request to reopen this earlier application. . . . The Appeals Council affirmed the ALJ's ruling, though for different reasons.

June 27, 2007, Order (Dkt. 20) No. C. 06-7374 at 2 (citations omitted).

Plaintiff then filed a complaint with this Court. This Court (1) held that Plaintiff's due process rights had been violated by the SSA because it had erroneously relied on facts from another case in denying Plaintiff's request to reopen and (2) remanded the matter back to the SSA. Id. at 8. On remand, an ALJ reconsidered Plaintiff's request that the case be reopened, this time using facts from Plaintiff's case. See Decl. of Sammis, Ex. A. The ALJ issued an Order of Dismissal to the motion to reopen, and the Appeals Council found no reason to assume jurisdiction. Id. Plaintiff then filed suit in this Court challenging the SSA's decision again declining to reopen denial of the 1990 application. Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

## II.   JURISDICTION

In the context of social security benefits, Congress has conferred jurisdiction on federal district courts to review "any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). An aggrieved party must seek judicial review "within sixty days" of receiving notice of an unfavorable decision. Id.

The Supreme Court has held, however, that this statute "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." Califano v. Sanders, 430 U.S. 99, 107-08 (1977). See also 20 C.F.R. § 416.1403(a)(5) (stating that the "[d]enial of a request to reopen a determination or a

2

decision" is "not subject to judicial review"). The Califano court reasoned that allowing judicial review of denials of requests to reopen "would frustrate the congressional purpose, plainly evidenced in [the Social Security Act], to impose a 60-day limitation upon judicial review of the Secretary's final decision on [an] initial claim for benefits." Id. at 108.

Only one exception exists to this bar on judicial review, and it is for claims that rest on constitutional grounds.[1] "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Califano, 430 U.S. at 109. The Supreme Court emphasized in Califano that it was not facing "one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds." 430 U.S. at 109 (citing Weinberger v. Salfi, 422 U.S. 749, 761-62 (1975)). In cases decided after Califano, the Ninth Circuit has held that jurisdiction *does* exist for federal courts to review "any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997). For instance, the Ninth Circuit has held that a colorable constitutional claim exists where "a claimant alleges that a prior determination should be reopened because he suffered from a mental impairment and was not represented by counsel at the time of the denial of benefits." Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001).

"A challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." Id. (quoting Boettcher v. Sec'y of Health & Human Serv.,

---

[1] Plaintiff argues that there are two other avenues that would supply this Court with subject matter jurisdiction, neither of which have merit. First, Plaintiff argues that the "Law of the Case" doctrine gives this Court jurisdiction. This doctrine merely requires that "the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." U.S. v. Thrasher, 483 F.3d 977, 981 (9th Cir. 2007) (quoting Herrington v. County of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993). Plaintiff fails to explain adequately how this doctrine would give this Court subject matter jurisdiction. The doctrine certainly does not give this Court jurisdiction simply because the SSA complied with this Court's previous ruling by reissuing a decision on the motion to reopen. Second, Plaintiff argues that an agency policy, Social Security Ruling ("SSR") 91-5p, gives this Court jurisdiction. SSR-91-5p simply clarifies the SSA's policy on excusing a claimant's late filing of an appeal because of mental incapacity. There is nothing in the policy, nor in the cases cited by Plaintiff, that would allow the agency policy to create additional jurisdiction in this Court where none would otherwise exist.

3

759 F.2d 719, 722 (9th Cir. 1985)). But a "'mere allegation of a due process violation' is not a colorable constitutional claim." Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting Anderson v. Babbitt, 230 F.3d 1158, 1163 (9th Cir. 2000)). Instead, the constitutional claim must be supported by facts. Id.

## III.    DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), a complaint may be dismissed for lack of subject matter jurisdiction. Though the defendant makes the motion, the plaintiff bears the burden of establishing subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). A Rule 12(b)(1) jurisdictional attack may be facial or factual. See Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. A challenge to jurisdiction is facial if it "confin[es] the inquiry to the allegations in the complaint." Savage v. Glendale Union High School, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). However, a motion to dismiss under Rule 12(b)(1) becomes a factual motion if the moving party presents affidavits or other evidence to the court. Id.

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air, 373 F.3d at 1039. In resolving a facial attack, a motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. See, e.g., Savage, 343 F.3d at 1040 n.2.

Defendant's motion makes a factual attack to jurisdiction. Defendant submitted his motion along with the Declaration of Patrick J. Herbst. (Dkt. 12.) Defendant has asked the Court to go beyond the face of Plaintiff's complaint and has challenged the underlying facts that form the basis of jurisdiction. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint . . . . [and] need not presume the

4

truthfulness of the plaintiff's allegations." <u>Safe Air</u>, 373 F.3d at 1039. Once the moving party has properly brought a factual challenge to jurisdiction, the non-moving party "must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." <u>Id.</u> (quoting <u>Savage</u>, 343 F.3d at 1039 n.2).

Plaintiff has presented just enough evidence to establish subject matter jurisdiction. Although Plaintiff's Complaint contains only a mere allegation of a due process violation, his supporting material provides some facts showing a colorable constitutional violation. Specifically, Plaintiff furnishes the ALJ's decision, which recounts the testimony of Dr. William A. Rack. <u>See</u> Decl. of Sammis, Ex. A. Dr. Rack testified at Plaintiff's hearing on the motion to reopen that Plaintiff suffered from an "organic brain syndrome" that effected him <u>during the time his claim was first denied in 1991</u>. <u>Id.</u> Dr. Rack further testified that "if the claimant were acting alone he would have an impaired ability to request review of his adverse disability determination." <u>Id.</u> This testimony is sufficient to raise a colorable claim of a constitutional violation. <u>See</u> <u>Udd</u>, 245 F.3d at 1099.

Defendant relies heavily on <u>Klemm</u> for the assertion that Plaintiff has not presented a legitimate constitutional claim. However, <u>Klemm</u> is readily distinguishable. The court in <u>Klemm</u> held that an "allegation of mental impairment can form the basis of a colorable constitutional claim," but fails to do so when the "allegation of mental impairment is completely unsupported by facts." 543 F.3d at 1144-45. Here, Plaintiff has offered some facts to support his claim, specifically, the testimony of Dr. Rack excerpted in the ALJ's decision.

**IV. CONCLUSION**

Therefore, Defendant's 12(b)(1) Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: March 15, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE