IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN C. WHITE,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL ASTRUE,<br><br>    Defendant.                 / | No. C 10-02124 CRB<br><br>**ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Presently pending before this Court are Cross-Motions for Summary Judgment filed by Plaintiff, Dean White ("Plaintiff"), and Defendant, Commissioner of the Social Security Administration ("SSA"). See generally Pl. Mot. Summ. J. (dkt. 30); Def. Mot. Summ. J. (dkt. 32). Plaintiff's case has been riding a roller coaster of administrative and judicial applications, hearings, appeals, and remands since 1990. During this time, Plaintiff has succeeded in garnering Supplemental Security Income ("SSI") benefits for disability as of October 1997, the date listed in his second application for benefits. He now seeks retroactive benefits for the period 1990 to 1997, by way of reopening an earlier, dismissed application filed on June 5, 1990.

For the following reasons, the Court GRANTS the SSA's Motion for Summary Judgment (dkt. 32).[1]

---

[1] Plaintiff's Motion for Summary Judgment (dkt. 30) is DENIED.

## I. BACKGROUND

Because the parties are familiar with this case, the Court sets forth below only those facts necessary to frame the issues presently at bar.

On June 6, 1990, Plaintiff filed his 1990 claim for SSI benefits, alleging disability since December 15, 1989. See Administrative Record ("A.R.") at 690. This claim was first denied on November 29, 2000 and again on September 21, 1991, upon reconsideration. Id. at 26. Plaintiff then filed a second application on May 19, 1999, alleging disability as of October 15, 1997. Id. at 46. Additionally, Plaintiff filed his third and fourth applications on July 18, 2002 and March 21, 2003, respectively, both of which were denied. Id. at 26. Plaintiff had acquired an attorney, Ian Sammis, who represented Plaintiff both in his papers and at hearings before administrative law judges ("ALJs") in connection with Plaintiff's second, third, and fourth applications. Id. at 29; see Pl. Mot. Summ. J. (dkt. 30) at 6-7.

Plaintiff's second application seeking benefits from 1997 made its way to an ALJ, then the Appeals Council, and back again to another ALJ, who eventually found Plaintiff disabled as of October 1, 1997. Id. at 615. The ALJ stated that all of Plaintiff's other applications were "subsumed into this decision." Id. at 616.

On March 6, 2006, Plaintiff, through his attorney, filed a request to reopen his 1990 claim per SSR 91-5p, 1991 WL 208067 (July 1, 1991), on the ground that Plaintiff was mentally incompetent and unrepresented when he failed to request review of an adverse decision. Id. at 26-27. This reopening request was dismissed on June 21, 2006, and the Appeals Council declined review. Id. at 634-41. This Court reviewed the dismissal and remanded the case because the ALJ had dismissed Plaintiff's request on the facts of a case cited in his rehearing request rather than the actual facts applicable to Plaintiff's case. Order (dkt. 20) at 8.

After remand, and following three hearings, an ALJ again dismissed Plaintiff's reopening request on four separate grounds. A.R. at 26-30. The Appeals Council declined jurisdiction, and Plaintiff now seeks review in this Court. Pl. Mot. Summ. J. (dkt. 30) at 2.

2

## II. JURISDICTION

On July 27, 2007, following a discussion of the Court's jurisdictional reach, this Court declared jurisdiction over Plaintiff's constitutional claims. See Order (dkt. 20) at 4. The Court found that Plaintiff's Complaint raised three constitutional concerns: (1) his right to be heard on his SSR 91-5p claims, (2) his right to due process of law with respect to the SSA's decision not to reopen his 1990 claim, and (3) his right to notice that his request for reconsideration had been denied. See id.

Plaintiff's present challenge again raises the first two constitutional matters at issue the last time this case was before the Court. See generally Pl. Mot. Summ. J. (dkt. 30).[2] Specifically, Plaintiff contends that the SSA's denial of his request to reopen was a due-process violation because, per SSR 91-5p, (1) he was mentally incompetent to understand the procedures for requesting review when his opportunity to do so was initially missed, and (2) he was not represented during and immediately after his 1990 hearing. Id. at 2. Plaintiff additionally seeks a presumption of disability between 1988 and 1997. Id.

A district court has jurisdiction over "any colorable constitutional claim of due process violation that implicate[s] a due process right [either] to a meaningful opportunity to be heard, or to seek reconsideration of an adverse benefits determination." Evans v. Chater, 110 F.3d 1480, 1483 (9th Cir. 1997) (internal quotations and citation omitted). A plaintiff implicates due process when, appealing a denial to reopen an SSI application, he alleges that he suffered from mental impairment and was not represented by counsel when the application was made. Id. Because that is the case here, this Court has jurisdiction over this matter.

## III. LEGAL STANDARD

In deciding whether a constitutional violation has occurred, this Court must review the evidence offered by the plaintiff at his 91-5p hearing. Id. "No constitutional violation will have occurred if substantial evidence supports the ALJ's decision." Id.; see 42 U.S.C.

---

[2] Plaintiff's right to a SSR 91-5p hearing and right to reopen his 1990 claim are both wrapped up in the primary issues discussed below – (A) whether he had "good cause" for missing the deadline to request review, under SSR 91-5p, (B) whether Plaintiff was disabled during the pre-1997 period, and (C) whether his 1990 claim was barred by administrative finality and res judicata.

3

§ 405(g). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Evans, 110 F.3d at 1483 (internal quotations omitted). In reviewing the denial of a SSR 91-5p reopening request, the relevant "substantial evidence" is that which points to the plaintiff's status "at the time of the adverse benefits decision." Udd v. Massanari, 245 F.3d 1096, 1100 (9th Cir. 2001).

Summary judgment is proper when "the movant . . . shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. DISCUSSION

Ordinarily, a claimant has sixty days from the date he receives notice of the SSA's denial to request reconsideration of that decision. 20 C.F.R § 416.1409(a). However, if a claimant can show good cause for missing the deadline, the time period will be extended. Id. "Good cause" includes, *inter alia*, "any physical, mental, educational, or linguistic limitations . . . which prevented [the claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review." Id. § 416.1411. The SSA issued SSR 91-5p to address the problem of claimants with mental impairments often needing to apply numerous times before they are found disabled, during which time appeals deadlines expire and claimants find it increasingly difficult to show "good cause." See Soc. Sec. Disab. Claims Handbook § 3:16; see also SSR 91-5p, 1991 WL 208067, at *1 ("[T]his interpretative ruling . . . is being issued to avoid improper application of res judicata or administrative finality when the evidence establishes that a claimant lacked the mental

4

capacity to understand the procedures for requesting review." ). SSR 91-5p provides, in relevant part:

> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review . . . and the claimant had no one legally responsible for prosecuting the claim (e.g., a parent of a claimant who is a minor, legal guardian, attorney, or other legal representative) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review. If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.

SSR 91-5p, 1991 WL 208067, at *2 (emphasis added). Thus, if the claimant can satisfy both SSR 91-5p requirements – mental incapacity and no legal representation – he may seek reopening even well after the applicable deadlines.

SR 91-5p provides four factors judges may use to determine a claimant's mental capacity: (1) inability to read or write, (2) poor English, (3) limited education, and (4) any mental or physical condition that limits the claimant's ability to do things for himself. Id. These factors are assessed with respect to a claimant's condition at the time of the initial action. Id.

In the instant case, the ALJ, following three hearings, provided four separate grounds for denying Plaintiff's request to reopen his 1990 application:

(1) Plaintiff was legally represented at the time of his initial denial determination, and was thus excluded from SSR 91-5p's reach;

(2) Plaintiff's employment from 1994 to 1996 was substantial gainful activity ("SGA"), and thus creates a presumption that he was not disabled;

(3) Plaintiff was represented by an attorney during his 2000 and 2004 hearings, and the failure to raise the 1990-application-reopening issue during those hearings waived Plaintiff's rights to raise it now; and

(4) Plaintiff not did not meet the procedural regulations necessary to have a hearing before an ALJ, and thus has no right to administrative or judicial review.

A.R. at 26-30.

### A. The ALJ's First Ground for Denial – That 91-5p Does Not Apply to Plaintiff – is Without Basis on the Present Record

The ALJ found that Plaintiff was legally represented before and after his 1990 initial determination and, therefore, that SSR 91-5p did not apply. Id. at 28.

#### 1. Plaintiff Was Not Represented at the Time of the Initial Denial Determination

The SSA contends that, in making his 1990 claim, Plaintiff had adequate representation via his girlfriend, Carol Nuss, and the SSA cites to the record for examples of this representation. See Def. Mot. Summ. J. at 4. A claimant may have a non-attorney representative under 20 C.F.R. § 416.1505(b): "[y]ou may appoint any person who is not an attorney to be your representative in dealings with us if he or she – [fills requirements (a)-(c)]." (emphasis added). Id. at 4. However, regulations provide specific procedures that must be followed to "appoint" a non-attorney representative:

> Appointing a representative. We will recognize a person as your representative if the following things are done:
>
> 1. You sign a written notice stating that you want the person to be your representative in dealings with us.
>
> 2. That person signs the notice, agreeing to be your representative, if the person is not an attorney. An attorney does not have to sign a notice of appointment.
>
> 3. The notice is filed at one of our offices if you have initially filed a claim or requested reconsideration; with an administrative law judge if you have requested a hearing; or with the Appeals Council if you have requested a review of the administrative law judge's decision.

Id. § 416.1507.

Although the SSA sets forth various instances in which Nuss appears to have expressly acted as Plaintiff's representative, the record is devoid of any evidence that § 416.1507's steps were followed. See Def. Mot. Summ J. (dkt. 32) at 3-4; see also Pl. Mot. Summ. J. (dkt. 30) at 14-15. Accordingly, Nuss was not Plaintiff's legal representative at the

6

time of the initial denial determination for SSR 91-5p purposes, and Plaintiff was, therefore, "unrepresented" within the meaning of SSR 91-5p.

### 2. The ALJ Did Not Determine Whether Plaintiff Was Mentally Incompetant

SSR 91-5p requires that the claimant "lacked the mental capacity to understand the procedures for requesting review." SSR 91-5p, 1991 WL 208067, at *2. Because the ALJ determined that Plaintiff was represented, he did not address Plaintiff's mental capacity.

Plaintiff cites to the ALJ's 2008 dismissal decision for the proposition that his mental incapacity is undisputed and that he meets 91-5p's standard for being mentally incapacitated. See Pl. Mot. Summ. J. (dkt. 30) at 3 (citing A.R. at 27). That decision says that a psychological expert, Dr. Meadow, testified that a gap in the medical record between 1991 and 1997 precluded him from being able to determine whether Plaintiff was mentally incapacitated during that time, while a neurological expert, Dr. Rack, testified that, despite the gap, Plaintiff's organic brain syndrome was a permanent condition that most likely dated back to June 6, 1990. A.R. at 27. Dr. Rack testified that Plaintiff met the criteria for organic brain syndrome, as listed in 20 C.F.R. § 404 app. 1 – the Listing of Impairments that establish disability.[3]  Id.

Despite noting the doctors' divergent opinions, the ALJ did not resolve whether Plaintiff was mentally incapacitated. Id. at 27. Accordingly, this Court is not in a position to resolve this issue here. See Allen v. Schweiker, 642 F.2d 799, 800 (5th Cir. 1981) ("The reviewing court . . . has a very limited role, and may not decide the facts anew or substitute its judgment for that of the [SSA]"); "Ware v. Schweiker, 651 F.2d 408, 411 (5th Cir. 1981) (citing 42 U.S.C. § 405(g)) ("When we review [the SSA's] decision, we are limited to determining whether there is substantial evidence in the record considered as a whole to

---

[3] "In order for you to become entitled to any benefits based upon disability or blindness or to have a period of disability established, you must be disabled or blind as defined in title II of the Social Security Act." 20 C.F.R. § 404.1501. "The Listing of Impairments . . . describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." Id. § 404.1525(1). "12.02 Organic Mental Disorders: Psychological or behavioral abnormalities associated with a dysfunction of the brain. The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied." Id. § 404 app. 1.

7

support his finding [and w]e may not reevaluate the evidence or substitute our judgment for [theirs]").

\* \* \*

Nevertheless, because this Court agrees that the ALJ properly declined to reopen on other grounds, as discussed below, his error as to the representation issue and failure to address the capacity issue is harmless.

**B.   Plaintiff Was Engaged in Substantial Gainful Activity During the Time for Which He Seeks Benefits**

The ALJ also found that Plaintiff's employment as a part-time bartender from 1994 to 1996 constitutes SGA.[4]  A.R. at 29.  This creates a presumption that he was not disabled and therefore not entitled to benefits during that time.[5]  Id.  Specifically, the ALJ found that it was "a successful work attempt within the context of SSR 84-25[6] [and] there is no trial work period [("TWP")] for SSI benefits."  Id.  Plaintiff responds that there is a TWP provision under Title II, that Plaintiff's work as a bartender qualified as TWP,[7] and thus not SGA, and that the ALJ ignored those facts.  Pl. Mot. Summ. J. (dkt. 30) at 4.

**1.   Plaintiff's Work Was Substantial Gainful Activity**

The ALJ's determination that Plaintiff's bartending was SGA is supported by substantial evidence.

---

[4] To receive either Title II or Title XVI benefits, a claimant is required to meet the same standard of disability. 20 C.F.R. §§ 404.315(c), 416.202(a)(3). In relevant part, "disability [is] the inability to do any [SGA] by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." Id. §§ 404.1505(a), 416.905(a).

[5] Although Plaintiff's work was from 1994 to 1996, and his reopening claim covers the period from 1990 to 1997, the SGA presumption covers the entire period. Nothing in the record indicates any reason that Plaintiff's condition was worse from 1990 to 1994 than from 1994 to 1996. The eventual finding of disability as of October 1, 1997 is a function of the fact that his second application, filed on May 26, 1999, listed his disability date as starting on October 15, 1997. See id. at 26. Plaintiff's earlier work, however, demonstrates his non-disability for SSA purposes prior to this time.

[6] SSR 84-25 is the SSA policy statement titled: "Titles II and XVI: Determination of Substantial Gainful Activity if Substantial Work Activity is Discontinued or Reduced – Unsuccessful Work Attempt." SSR 84-25, 1984 WL 49799 (Jan. 1, 1984).

[7] Plaintiff does not expressly say that his bartending work was a TWP, however, construing his arguments liberally, the Court assumes he is making that argument.

8

SGA is "any work that – (a) [i]nvolves doing significant and productive physical or mental duties[,] and (b) [i]s done (or intended) for pay or profit," including where it is done part-time. 20 C.F.R. §§ 404.1510, 404.1572, 416.910, 416.972. Certain levels of earnings create a rebuttable presumption of SGA. Id. § 416.974. However, other considerations may rebut this presumption, including how well the person is able to perform the work and any special conditions under which the work is performed. See id. § 404.1573(b)-(e); Keyes v. Sullivan, 894 F.2d 1053, 1056 (9th Cir. 1990). If, for example, the claimant does not adequately perform the job or his job is only maintained with substantial assistance, the presumption may be rebutted. See, e.g., Boyes v. Sec'y of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (work not SGA where claimant required continual supervision and productivity was half that of other employees').

Here, SGA requirement (b) – work done for pay or profit – is satisfied by Plaintiff's earnings record. A.R. at 773. The ALJ found Plaintiff's bartending work to meet (a) – significant duties – because he "was able to . . . accept cash payments and make change while service [sic] the drinks," and he was not terminated for any under-performance but was kept on until the bar's ownership changed. Id. at 28-29. Under SGA standards, Plaintiff's competency, level of work, performance, and independent abilities constitute "substantial evidence" of significant work that "a reasonable person might accept as adequate to support [the ALJ's] conclusion." Evans, 110 F.3d at 1483.

Accordingly, Plaintiff's SGA precludes any finding of disability, and thus any eligibility for benefits for the period from 1990 to 1997.

### 2. Plaintiff's Work Was Not a Trial Work Period

A TWP is a period during which a person who becomes entitled to Title II disability benefits may test his ability to work and still be considered disabled. 20 C.F.R. §

9

1 404.1592(a). A TWP lasts for up to nine months. Id. Plaintiff's work cannot be considered
2 a TWP because it lasted for more than nine months. A.R. at 28-29 (citing id. at 773).[8]

\* \* \*

4 The ALJ was, therefore, correct to not reopen Plaintiff's 1990 request.

### C. Plaintiff's Claim is Barred by Administrative Finality and Res Judicata

6 The ALJ's third basis for denying Plaintiff's reopening request was that Plaintiff – and his attorney – waived his right to reopen the 1990 claim by failing to make the reopening request at hearings before ALJs on October 17, 2000 and May 19, 2004. A.R. at 29. Accordingly, the ALJ found that the 1990 claim "merged into the final decision issued on August 27, 2004[,] . . . on the basis of administrative finality and res judicata for the facts, issues and parties contained therein." Id.

12 Plaintiff responds that if a claimant meets SSR 91-5p's requirements at the time of the initial determination, then he may reopen the claim at any time thereafter, regardless of any changes in circumstances that have transpired since.

### 1. Plaintiff Misreads SSR 91-5p

16 SSR 91-5p is a policy interpretation ruling, and the policy is this: applicants who "lacked the mental capacity to understand the procedures for requesting review" and were unrepresented should not be barred from bringing their claim as they would if normal administrative finality or res judicata principles applied. SSR 91-5p, 1991 WL 208067, at \*1; see also Udd, 245 F.3d at 1102 ("[Plaintiff] has established that he lacked the mental capacity . . . to understand the cessation of his disability benefits and to take the steps necessary to pursue an appeal. The termination of his benefits without meaningful notice thus constituted a denial of due process.").

---

[8] The ALJ may deny reopening based on an inquiry into the merits of a claim. The decision to reopen a case is left to the ALJ's discretion, and the only non-discretionary procedures the ALJ must follow are set forth in 20 C.F.R. §§ 404.987-404.996, none of which bar such inquiry. See Dunstan v. Sullivan, No. 88-4144, 1990 WL 164740, at \*2 (S.D. Ill. Apr. 4, 1990). "That means . . . that the Secretary may refuse to reopen a case for any reason, or for no reason." See Matthew v. Harris, 495 F. Supp. 141, 144 (E.D. La. 1980).

10

Here, Plaintiff has been represented by an experienced attorney during and since his last two ALJ hearings. A.R. at 29. Not only did he fail to raise the 1990-reopening issue at those ALJ hearings, but he also failed to raise it for review by the Appeals Council within sixty days of a decision in those matters, as required by 20 C.F.R. §§ 404.968, 416.1468. Id. Rather, the present request was not until more than five years after Plaintiff obtained a lawyer and the policy behind SSR 91-5p's tolling rule was no longer implicated. See Pl. Mot. Summ. J. (dkt. 30) at 6-7. Under these circumstances, it did not violate due process to find that Plaintiff waived his right to seek reopening by not doing so after he had appeared before the SSA with counsel on multiple occasions over a five-plus-year period.

### 2. Plaintiff's Claim is Barred by Res Judicata

The SSA regulations provide that an ALJ may decline to reopen because of res judicata where a prior determination has been made on the same issues or facts.[9] See 20 C.F.R. § 404.957(c). Such is the case "even where the claimant never had a hearing if the claimant has failed to pursue an appeal" and has not presented any new facts in meriting reopening nor proved "good cause" for reopening. Taylor v. Heckler, 765 F.2d 872, 876-77 (9th Cir. 1985) (citing Thompson v. Schweiker, 665 F.2d 936, 940 (9th Cir. 1982)) (finding res judicata precluded the plaintiff's claim because she did not request reconsideration within sixty days of determination); see also Lyle v. Sec'y of Health & Human Servs., 700 F.2d 566, 569 (9th Cir. 1983) ("Res judicata principles are properly applied in the context of administrative decisions, although in such a context the res judicata doctrine is not as rigid as it is with courts" (internal quotations omitted)). Thus, where a plaintiff does not timely seek reconsideration and has not shown "good cause," the initial determination is binding and considered the final decision. See Taylor, 765 F.2d at 876-77; 20 C.F.R. §§ 404.905, 404.909.

---

[9] "The administrative law judge [may] decide[] that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because . . . [t]he doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action." 20 C.F.R. § 404.957(c).

11

Plaintiff's claim implicates the same issues and facts as the August 27, 2004 decision. A.R. at 29. Plaintiff did not seek reopening of the 1990 claim at that time or properly seek reconsideration within sixty days. Id. And, because Plaintiff has been represented by counsel since at least May 1999 but did not seek to reopen until March 2006, "good cause" does not exist to excuse his delay. See 20 C.F.R. §§ 404.988, 416.1488; SR 91-5p.

Accordingly, Plaintiff's 1990-reopening claim is barred by administrative finality and res judicata.

## V. CONCLUSION

In sum, the ALJ's decision to deny reopening of Plaintiff's 1990 claim is a correct application of the law and is supported by substantial evidence in the record. Plaintiff's claim was barred by res judicata and administrative finality, and in any event his work from 1994 to 1996 was substantial gainful activity that precludes any award of benefits during that time.[10]

The Court therefore GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment.

**IT IS SO ORDERED.**



Dated: July 22, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[10] Because the ALJ's second and third grounds for denying reopening were correct applications of law supported by substantial evidence, the Court does not reach the ALJ's fourth basis for denying Plaintiffs' request to reopen.